# IN THE COURT OF APPEALS OF IOWA

No. 18-1780
Filed August 5, 2020

**VINCENT DUNCAN,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____


        Appeal from the Iowa District Court for Tama County, Patrick R. Grady,

Judge.


        Duncan appeals the denial of his application for postconviction relief.

**AFFIRMED.**


        Joel E. Fenton of Law Offices of Joel E. Fenton, PLC, West Des Moines,

until withdrawal, and then Allan Richards, Tama, for appellant.

        Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney

General, for appellee State.


        Considered by Bower, C.J., Ahlers, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2020).

**BOWER, Chief Judge.**

Vincent Duncan appeals the denial of his application for postconviction relief (PCR). Because he failed to establish his ineffective-assistance-of-counsel claim, we affirm.

In 2014, after a bench trial, Vincent Duncan was convicted of second-degree sexual assault, lascivious acts with a child, and assault with intent to commit sexual abuse.

On appeal, this court rejected Duncan's claim that insufficient evidence supported the convictions. *State v. Duncan*, No. 14-0073, 2015 WL 1546433, at *1 (Iowa Ct. App. Apr. 8, 2015) ("[A]s the district court found, the child was the first person to raise the issue of sexual contact with Duncan, she 'consistently' described the sex act in a statement to a child protective worker and in her trial testimony, she 'corrected' the worker when the worker identified a different person as the perpetrator, she identified the defendant as the perpetrator at trial, she 'made no other allegations of contact, sexual, assaultive, or otherwise, against' Duncan, and 'at no point' did she recant her statements.").

In this PCR action, Duncan asserts trial counsel provided ineffective assistance by failing to investigate or consult experts about Duncan's inability to maintain an erection and lack of libido due to prostate cancer and failing to call his ex-wife to confirm his erectile dysfunction. The district court denied Duncan's PCR application, finding:

> Duncan has fallen far short of carrying his burden to show his attorney's representation fell below the range of constitutional adequacy. [Trial counsel] investigated the case, focused on the theory that he thought in his experience was his best defense and followed through with it. He successfully kept adverse expert testimony out of the trial record and rejected a defense, lack of sexual potency, that could have backfired on Duncan. This court concludes

that [trial counsel] did not violate any fundamental duty to Duncan and that any lack of success of his trial strategy was more a function of the difficult task facing him rather than a lack of diligence.

Duncan appeals.

We generally review PCR proceedings "for correction of errors at law." *Krogmann v. State*, 914 N.W.2d 293, 306 (Iowa 2018). However, constitutional claims such as ineffective assistance of counsel are reviewed de novo. *See id.*

"In order to support a claim of ineffective assistance of counsel, a [claimant] must show (1) that counsel failed to perform an essential duty and (2) that prejudice resulted." *State v. Kuhse*, 937 N.W.2d 622, 628 (Iowa 2020); *see also Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). "Both elements must be proven by a preponderance of the evidence." *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). But if either prong is lacking, we need not address both. *Id.*

"To establish the first prong, the applicant must demonstrate the attorney performed below the standard demanded of a reasonably competent attorney." *Id.* "Miscalculated trial strategies and mere mistakes in judgment normally do not rise to the level of ineffective assistance of counsel." *Id.* at 143. "The crux of the prejudice component rests on whether the [applicant] has shown 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Kuhse*, 937 N.W.2d at 628 (quoting *Strickland*, 466 U.S. at 694).

Defense counsel considered and rejected a strategy of exploring Duncan's erectile dysfunction with his former wife, testifying:

We had a discussion about his wanting to focus on an issue concerning prostate. He brought up an issue regarding prostate cancer shortly before the trial. He wanted to talk about his wife and

his sex life to the court, to the jury and to the court. I thought that would be a rather improvident strategy.

Q. And why is that? A. I didn't think that a jury or a court would find it tasteful talking about the sex life or lack of sex life against a husband and a wife in the context of a child sex abuse case, number one.

Number two, the crux of what Mr. Duncan wanted to talk about was his inability to either obtain or maintain an erection, like that was a reason he would not abuse a child. I didn't think that was going to gain him any points with the jury or the court.

Duncan argues this was not a reasonable strategy. We disagree. *See In re E.H. III*, 578 N.W.2d 243, 248 (Iowa 1998) (noting accused's physical incapability of an erection "does not eliminate the possibility" sexual abuse occurred).

The State accused Duncan of putting his penis in a child's mouth. Any expert or lay evidence about Duncan's inability to have an erection would not have made the facts of the crime more or less probable. Duncan waived a jury trial. After a bench trial, the fact finder wrote a detailed and thoughtful ruling, found the complaining witness's testimony credible, found Duncan's testimony "inconsistent with that of other witnesses and even himself," and determined Duncan "performed a sex act with [the child] by placing his penis into her mouth."

In an amended and substituted findings of fact, conclusions of law, and verdict, the district court found Duncan's "lack of ability to achieve an erection due to medical issues, if the same is even true, does not bear upon whether [Duncan] committed the act of placing his penis into [the child]'s mouth for his own sexual gratification." We agree with the PCR court Duncan has failed to prove trial counsel failed to perform an essential duty. We affirm the denial of his PCR application.

**AFFIRMED.**